IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHAD MURRAY & RYAN YARNELL,<br><br>     Plaintiff,<br>v.<br><br>J F BLANTON, JR., JIM WINDER & SALT LAKE COUNTY SHERIFF'S DEPARTMENT,<br>     Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:13-cv-827<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Brooke Wells |

   District Judge Dale A. Kimball has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court is Defendants J F Blanton, Jr., Jim Winder and the Salt Lake County Sherriff's Departments' (collectively referred to as "Defendants") Motion to Dismiss.[2] A hearing was held on this Motion on June 19, 2014, at which time attorneys Richard Bissell and Donald Hansen appeared on behalf of the Defendants and attorney Frank Brussow appeared by telephone on behalf of the Plaintiffs.[3]

   Upon review and consideration of the Motion to Dismiss and the documents submitted therewith and based upon the arguments made at the hearing by counsel for the parties, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be Granted.

## BACKGROUND

   This is an action brought under section 1983 for civil rights violations. The case stems from the arrests and subsequent state criminal prosecutions of two individuals. Specifically, Plaintiffs Chad Murray and Ryan Yarnell's (collectively referred to as "Plaintiffs") Complaint

---

[1] Docket no. 2.
[2] Docket no. 8.
[3] Docket no. 21.

raises three causes of action against the named Defendants, all which are based in the following allegation contained in Plaintiffs' Complaint: "[p]laintiffs bring this case before the Court for the reason that their constitutional rights, privileges or immunities were violated by the defendants, officers under the color (sic) State authority sworn to uphold the law and the U.S. Constitution, as set forth more fully hereunder."[4]

Plaintiff Murray alleges that while "walking to return home from work…in the wee hours of the morning" Defendant Blanton, employed as a Deputy of the Salt Lake County Sheriff's Department, "…set up Murray, accosted him, falsely told him that he violated the law by walking in a westerly direction down Little Cottonwood Canyon in the dark, searched his person and his backpack without a search warrant without reasonable suspicion or probable cause, [and] unlawfully arrested Murray…"[5] The Complaint did not state the date of this encounter with police. However, Defendants provided copies of the criminal case records related to the arrest of Murray which reveal that this arrest occurred on April 20, 2009. Plaintiff was subsequently charged with misdemeanor possession of marijuana and possession of drug paraphernalia.[6]

Plaintiff Yarnell alleges he was sitting in the driver's seat of a Chevrolet Suburban with a passenger in the front seat during a full moon night in a private parking lot in the Snowbird Ski Area in Little Cottonwood Canyon.[7] Yarnell further alleges the vehicle was not operating, the lights were off, the keys were not in the ignition when Defendant Blanton approached him and his vehicle.[8] Plaintiff Yarnell alleges Blanton entrapped Yarnell by ordering him to remain in the vehicle and open the window that required him to put the key in the ignition.[9]

---

[4] Complaint, docket no. 1 at ¶ 8.
[5] Id. at ¶¶ 9, 11.
[6] Court records also indicate that after a Motion to Dismiss was filed, Plaintiff's case was dismissed on May 12, 2010. See Exh. 1, docket no. 8.
[7] Complaint at ¶ 29.
[8] Id. at 31.
[9] Id. at 51.

The Complaint also did not provide the date of Yarnell's police encounter. Court records were submitted by Defendants from the Salt Lake County Justice Court related to this event reveal that the occurrence described by Yarnell in the Complaint occurred on January 11, 2009.[10] Yarnell was subsequently charged with DUI, Open Container/Drinking Alcohol in a Vehicle, and Failure to Obey Health Laws. Court records further reveal that after a jury trial, Plaintiff Yarnell was acquitted of the DUI charge, but was found guilty on the other two charges.[11]

## RULE 12(b)(6) STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[12] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[13] In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[14] However, the court "need not accept conclusory allegations without supporting factual averments."[15] Thus, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the party might present at trial, but assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief is granted."[16] "…[I]n assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable."[17] Therefore, "…the mere metaphysical possibility that *some*

---

[10] Exh. 2, docket no. 8.
[11] Id.
[12] Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002).
[13] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
[14] Id. at 547.
[15] Southern Disposal, Inc., v. Texas Waste, 161 F.3d 1259, 1262 (10th Cir. 1998).
[16] Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).
[17] Wilkerson v. Utah, Gateway, No. 2:13-cv-666-DN-BCW, 2013 WL 6185040 at *2 (D. Utah, Nov. 26, 2013)(unpublished).

plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.[18]

## ANALYSIS

### A. Statute of Limitations

Defendants argue the Plaintiffs' Complaint should be dismissed because the applicable statute of limitations bars Plaintiffs' claims under section 1983. In federal court, state law of the forum determines the statute of limitations applicable to section 1983 cases.[19] "Utah's four-year residual statute of limitations…governs suits brought under section 1983."[20] Further, a cause of action under section 1983 "accrues when facts that would support a cause of action are or should be apparent."[21] Therefore, "[c]laims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or seach and seizure, are presumed to have accrued when the actions actually occur."[22]

Here, Plaintiff Yarnell was arrested on January 11, 2009 and Defendant Murray was arrested on April 20, 2009. Plaintiffs filed their Complaint on September 5, 2013. In essence, Plaintiffs allege that Defendants violated their constitutional rights under section 1983 because they were wrongfully searched, arrested and had to later defend themselves in state court prosecutions. At the hearing and in their response to the Motions to Dismiss, Plaintiffs argue that their constitutional rights continued to be violated until their criminal cases were resolved in State Court. Therefore, according to Plaintiffs, the statute of limitations did not begin to run on the date of their arrest but rather began when the alleged constitutional violations ceased--after

---

[18] Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(italics in original).
[19] Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995)(citing Board of Regents v. Tomanio, 446 U.S. 478 (1980)).
[20] Brock v. Herbert, 435 F. App'x 759, 762 (10th Cir. 2011)(quoting Fratus, at 675).
[21] Fogle v. Pierson, 435 F.3d 1252, 1258 (quotations & citations omitted).
[22] Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299

4

their criminal cases were resolved. Plaintiffs do not cite any case law for this theory and admitted at the hearing that this may be an issue of first impression.

However, based upon the law as it stands in the 10th Circuit, the Court is persuaded that Plaintiffs' arguments are without merit and they have failed to meet their burden to avoid dismissal of their Complaint. The Court finds the applicable four-year statute of limitations began to run on the date that the Plaintiffs' were arrested, "…when facts that would support a cause of action are or should be apparent."[23]. Accordingly, because Plaintiffs filed their Complaint more than four years after the dates of their arrests, their claims are time-barred under the applicable statute of limitations. Thus, Plaintiffs have failed to state a claim under Rule 12(b)(6) and therefore, their Complaint should be dismissed.

## CONCLUSION & RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS:**

1) Defendants Motion to Dismiss[24] be GRANTED.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[25] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[23] Fogle v. Pierson, 435 F.3d 1252, 1258 (quotations & citations omitted).
[24] Docket no. 8.
[25] See 28 U.S.C. §636(b)(1).

DATED this 9 July 2014.

_____
Brooke C. Wells
United States Magistrate Judge