# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| CHAD MURRAY & RYAN YARNELL,<br><br>Plaintiff,<br><br>vs.<br><br>J F BLANTON, JR., ET AL.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION IN PART<br>AND DECLINING TO ADOPT IN PART<br><br>Case No. 2:13CV827DAK<br><br>Judge Dale A. Kimball |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). On July 9, 2014, Magistrate Judge Brooke Wells issued a Report and Recommendation, recommending that Defendants' motion to dismiss be granted. The Report and Recommendation notified Plaintiffs that any objection to the Report and Recommendation was required to be filed within fourteen days of receiving it. Plaintiffs sought an extension to file their objections, which was granted. On August 13, 2014, Defendants filed their objection.

A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has reviewed the record *de novo* with respect to Defendants' motion. Magistrate Judge Wells recommended that the court dismiss all of Plaintiffs' civil rights claims as time barred because they filed their Complaint more than four years after the dates of their arrests.

The court agrees that Plaintiffs' civil rights claims with respect to improper arrest, interrogation, and search and seizure are time barred under the applicable four-year statute of limitations. "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson County Comm'm Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). Yarnell was arrested on January 11, 2009, and Murray was arrested on April 20, 2009. However, they did not filed their Complaint until September 5, 2013. Accordingly, their claims associated with the events of their arrest are time barred by the applicable statute of limitations.

However, Plaintiffs also state civil rights claims based on malicious prosecution. The Tenth Circuit recognizes that "[a] malicious-prosecution claim is not cognizable until all the elements are satisfied, and one of the elements is that the original action terminated in favor of the plaintiff. As such, [the Tenth Circuit] has held that a malicious-prosecution claim does not accrue until proceedings terminate in the plaintiff's favor." *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013). Yarnell's prosecution terminated in his favor when a jury found him not guilty on February 18, 2010. Murray's prosecution terminated in his favor when a motion to suppress was granted in his favor and the case was dismissed on May 12, 2010. Therefore, to the extent that Plaintiffs' civil rights claims include malicious prosecution, such claims are not time barred by the applicable four-year statute of limitations.

Accordingly, the court adopts and affirms Magistrate Judge Wells' Report and Recommendation as to the civil rights claims associated with the events and actions surrounding Plaintiffs' arrests. However, the court declines to adopt Magistrate Judge Wells' Report and Recommendation to the extent that Plaintiffs' civil rights claims include claims for malicious

prosecution. Therefore, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

DATED this 19th day of August, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge